May it please the Court, Counsel. My name is Jennifer Lasky with the Office of the State Appellate Defender and I represent the Defendant Appellant Mr. Edward Hopkins. The issue here is whether the trial court made an adequate inquiry into all of Mr. Hopkins' pro se post trial claims of ineffective assistance. When a defendant makes such claims, the trial court must conduct a preliminary inquiry into the factual basis of his claims. When his ineffective assistance claims do not involve a great amount of detail, the trial court should initiate further questioning to resolve any lingering doubts about the defendant's claims. In this his ineffective assistance claims being made at the November 19th and March 12th hearings. At the November 19th hearing, he expressed confusion regarding the plea bill. He told the court that his attorney said 13 and that when he came back in it was 18. The court told Mr. Hopkins that it did not know what offers were made before trial and that the trial court stated on the record that it did not know what Mr. Hopkins meant. It then asked counsel if he had told Mr. Hopkins that he or the state controlled sentencing. And counsel responded, I just told him what the state's offer was. I told him what I think you might do at a sentencing hearing is what I think Mr. and at this point the trial court interrupted defense counsel and we never learned what Mr. Hopkins meant in the record. Now an inquiry into this claim regarding the plea deal was important in this case because Mr. Hopkins was subject to mandatory class X sentencing of 6 to 30 years. However, before trial the court told him that the sentencing range was either 4 to 15 years or 6 to 30 years depending on his criminal history. However, it never stated that he was subject to the mandatory sentencing range of 6 to 30 years. So a 13 year plea deal might not seem like a great deal if one is thinking he's facing 4 to 15 years as opposed to the mandatory 6 to 30 that he was actually facing. And no further inquiry was made into this complaint in the record so we simply don't have a sufficient record to know what Mr. Hopkins meant. And because of the nature of plea deals the trial court could not have relied on its knowledge of counsel's in court performance to assess this claim. Next Mr. Hopkins complained at the November 19th hearing about not having a defense at trial. He told the court, I had no defense at the trial, none. The court made no inquiry whatsoever into this complaint. Instead the court just denied the motion for new counsel. And when Mr. Hopkins later asked why he wasn't getting a new attorney the court responded that he had not demonstrated any prejudice and that he would have an opportunity to contest the trial and that there was an The court thought the harsher Strickland standard was required at this level and that the claims did not need to be further looked into at this point. An inquiry into Mr. Hopkins' complaints about not having a defense at trial was important here because we don't know what he meant. Did he want certain witnesses called? Did he want certain cross-examination conducted? We cannot know based on the record that we have. Additionally this claim can't be resolved by the trial court considering counsel's performance at trial because counsel only called one witness and he stated in the record that he did so because he forgot to ask the question on direct examination and all he asked the witness about was why he walked with a cane. Because of this Mr. Hopkins requested that the court remand so that we can get a better record to understand these claims and this is the purpose of a crankle inquiry. At the March 12th hearing Mr. Hopkins made several complaints. He argued that counsel did not communicate with him. There's no communication period. None. He complained that his counsel was unprofessional and cussed at him. And again he complained about what happened at trial. He argued that his counsel was not prepared. The court only addressed the issues with his relationship with counsel. And the court asked counsel if he had any comments about Mr. Hopkins' complaints about their relationship. And counsel's only response was to explain that he explained to Mr. Hopkins there was an issue with the notice of appeal being premature. He never addressed Mr. Hopkins' complaints about him not being prepared for trial. This notice of appeal was a post-trial issue and in no way resolved any of Mr. Hopkins' concerns about what happened at trial. And after trial counsel's response the court again asked Mr. Hopkins if he had other complaints and he said yeah, the defense of my trial. And he also complained about not getting transcripts that he had requested to review the trial. The court addressed his transcripts concerns and said the transcripts had been ordered but it never delved into his concerns about trial's counsel performance at trial. So in this case we are simply asking that this court remand so that an adequate crinkle inquiry can be made into Mr. Hopkins' complaints. And I think the record is good evidence that this needs to happen because we don't know what Mr. Hopkins meant. No inquiry was made into his complaints about a lack of defense at the trial and about counsel's preparation at trial. No inquiry was made into that. While some inquiry was made into his complaints regarding a plea deal, the court stopped just short of finding out what Mr. Hopkins meant. And unless your honors have any questions? May it please the court. Counselor. My name is Samantha Sadler. I'm a law student arguing on behalf of the state appellate prosecutor. This case is being argued on appeal to determine whether the trial court conducted an adequate crinkle inquiry into defendant's pro se post trial claims of ineffective assistance of counsel. The trial court did in fact conduct an adequate crinkle inquiry into each of defendant's allegations and we are requesting that this court affirm the trial court's finding. As we briefly heard, the Moore standard is that the trial court is supposed to determine through a crinkle inquiry if he determines that the defendant's claims lack merit or pertain only to trial strategy, then the court need not appoint new counsel and can deny the pro se motion. However, if the allegations show possible neglect of the case, then new counsel shall be appointed. The ways for this inquiry to be effected are through interchange between the trial court and defense counsel regarding the allegations that defendant makes, including also a brief discussion between trial counsel and the defendant himself. Further, according to Moore, the trial court can base its evaluation of the defendant's pro se allegations of ineffective assistance of counsel on its own knowledge of defense counsel's performance at trial and the insufficiency of the allegations on their face. So as to defendant's claim now that there was some sort of plea deal not what defendant well said is referring to is a conversation defendant had between the trial court and defense counsel. So defendant said he comes to me with 13. The trial court asked defense counsel if he had instructed his client that he or the prosecutor controlled sentencing at this point at this post trial hearing. So after the trial had occurred and defense counsel said that he had not, that in fact what defendant was referring to was what defense counsel had told him he thought might happen at sentencing, his informed opinion of what might occur. And the trial court accepted that response and then asked defendant if he had any other complaints to make about that. So defendant was given a further opportunity to reject what his attorney had just said or to deny that he had not in fact been told simply an opinion of what might happen at sentencing. And he did not. They moved on from that conversation. Everyone on the record seemed to be convinced of that response. So as to that claim, the trial court did in fact make an adequate inquiry. After that, the next claim that defendant made was that there's generally no defense at trial. They say because defense counsel only brought one witness and only asked him one question, that this was ineffective. However, again, according to the Moore standard, the trial court can use its own assessment of defense counsel's performance at trial. Counsel was required to inquire of defendant what he meant by, you know, had no defense. So he could ask defense counsel. There are multiple ways that he could have made this inquiry. And he could have also just used his own assessment of defense counsel's performance at trial. So at the trial itself, the facts of the case were that defendant had been caught. He was identified by the victim of breaking into the victim's home. He was also caught fleeing the victim's home by a police officer as he was leaving the victim's backyard. So basically to me, it seems like the defense that defense counsel did bring was pretty smart because the victim was an elderly man. He had a cane and was limping. So it turned out he just had gout. So for defense counsel to bring him back up to the stand and then show the jury that any sort of injury they might have assumed he had from this crime, that wasn't the case. He had gout. It was unrelated. There wasn't a whole lot of other mitigating things that defense counsel could have done for his client. So we believe that this was an adequate defense and that the trial court was able to assess based on his own knowledge of the facts of the case. And just seeing defense counsel's performance at trial, he was able to assess whether this claim of no defense at trial was meritless or not. In which case, he used his own knowledge and he was able to assess that this was a meritless claim. So as to defendant's next claim, they are now claiming that the trial court used the incorrect standard, that they instead used the Strickland standard when the trial court mentioned the word prejudice. So the trial court did mention the word prejudice, but they never made a finding as to any of defendant's claims while using the word prejudice. They never said that they found there to be no prejudice, therefore, that the claims were meritless. Rather, the court went on to say, from what you, defendant, have told me, I can't conclude that I'm representing you. However, where he refers to prejudice, it was just saying how he hadn't noticed anything that defense counsel had done that would have prejudiced the case. But he didn't ever make a finding as to whether or not there was any prejudice of the case. And never mentioned Strickland in any of his analyses. And also used basically a more kind of analysis throughout his wrinkle inquiries of each claim. So the defendant made a few other claims that defense counsel had accosted him and just generally just unprofessionalism. And it was basically just a repetition of these things. So especially at the second post-trial hearing, as defendant is saying that the court made no inquiry at all, it had already addressed these similar claims at the first post-trial hearing. He just kept saying the same thing about a lack of defense and a lack of preparation at trial. Whereas, again, this is what the trial court was able to assess, especially when these So the trial court adequately addressed each of these claims. And same with the claim of a lack of transcripts. The court, as defendant acknowledged, immediately addressed this and said these transcripts had been ordered. And that was his final complaint relating to this ineffectiveness. So therefore, the trial court adequately conducted adequate crinkle inquiries into each of the defendant's allegations of ineffectiveness. And we are requesting that this court affirm. Your Honors, this case is distinct from many crinkle arguments that I make before this court because some inquiry into some of Mr. Hopkins' claims did occur. And most of the time, we see a crinkle complaint where the trial court responded in no way to a defendant's here where the court did look into some of his complaints. But it did fail entirely to look into his complaints regarding the defense at trial. And that's why we're asking that it be remanded so that further inquiry can be made. Next, the state is jumping straight to deciding whether there was prejudice in this case under the Strickland standard. If we're going to argue here that trial counsel did the best he could and that Mr. Hopkins was not prejudiced, that's the Strickland test that's applied with an ineffective assistance claim under the Sixth Amendment. And that's not what we're doing here today. Mr. Hopkins is not arguing for a post-trial hearing with new counsel. He's just requesting that the case be remanded so that the record can be fleshed out so that we can understand his claims. And a good evidence that we don't understand his claims is that the state and Mr. Hopkins disagree in the briefing as to what he meant by his claims. We just simply don't know because enough questions were not asked. The court stopped just short of fleshing out his claims regarding the plea deal. We just don't know what he meant. And again, with the defense at trial, we don't know what he wanted to have happened or to not happen at trial because no follow-up questions were asked on that point. And just like the Morgan and McLaurin cases cited in the reply brief, we can't say that harmless error occurred here if there's not enough of a record to make that determination. Because of this, Mr. Hopkins would respectfully request this court remand so that an adequate crinkle inquiry can be made into all of his claims. Does Your Honors have any questions? No questions. Thank you. Thank you, counsel. Appreciate the arguments. We'll take this matter under advisement and render a decision in due course.